16 F.3d 419
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Segunda M. IGNACIO, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3253.
 United States Court of Appeals, Federal Circuit.
 Nov. 24, 1993.
 
 Before RICH, ARCHER, and MAYER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Segunda M. Ignacio petitions for review of the September 25, 1992 initial decision of an Administrative Judge (AJ), Docket No. SE-0831-92-0308-I-1, which dismissed as untimely filed Ignacio's appeal of a final decision issued by the Office of Personnel Management (OPM) on January 29, 1991 denying her application for a survivor annuity under the Civil Service Retirement System (CSRS). The AJ's decision became the final decision of the Merit Systems Protection Board (Board) on January 14, 1993, when the Board denied review of the AJ's decision. We affirm.
 
 DISCUSSION
 
 2
 In its final decision, OPM clearly informed Ignacio that there was a twenty-five day time limit for filing an appeal of OPM's final decision to the Board. OPM also provided Ignacio with instructions for filing such an appeal. Ignacio did not appeal OPM's final decision to the Board, however, until May 29, 1992, approximately over one year and three months after the twenty-five day time limit for doing so.
 
 
 3
 Upon receipt of Ignacio's untimely appeal, the AJ informed her in an Order dated June 15, 1992 that she had the burden of proof on timeliness. The AJ ordered her to file "evidence and argument showing that [her] appeal was timely filed or that good cause existed for the delay." Because Ignacio failed to set forth any explanation regarding her delay in appealing OPM's final decision in her response to this Order, the AJ dismissed her appeal as untimely. In her petition for review of the AJ's decision, dated May 5, 1992, Ignacio belatedly argued that her untimely filing was excusable because there were probably mail delays and because Filipino claimants were provided with poor assistance by OPM and the Board. Given that she had not raised these arguments previously, the Board justifiably denied review of her petition and adopted the AJ's decision as the final decision of the Board.
 
 
 4
 In her petition to this court, Ignacio fails to provide any explanation regarding her one year and three month untimeliness in filing her appeal. Instead, she merely sets forth arguments as to the merits of her entitlement to a survivor annuity. We note, however, that this court is faced with the narrow issue of whether the AJ erred in dismissing Ignacio's appeal for untimeliness, Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986), and therefore we may not address Ignacio's underlying claim to annuity benefits.
 
 
 5
 As to Ignacio's delay in filing her appeal, we cannot say that the AJ erred in dismissing her appeal on the basis that she had failed to establish good cause for her lengthy delay in filing her appeal. The Board has broad discretion in deciding whether or not to waive the regulatory time limit for filing an appeal, and this court will not substitute its own judgment for that of the Board. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). In addition, this court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC Sec. 7703(c) (1988). Finding no such grounds present here, we affirm the decision below.